Filed 12/17/15  P. v. Baughman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077576 |
| v. | (Super. Ct. No. 14F1066) |
| RICKY VERRELL BAUGHMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ricky Verrell Baughman asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

As defendant stood near his pickup truck with a flat tire, Shasta County Sheriff's Deputies MacGregor and Nelson made contact with him.  Deputy MacGregor looked into the cab of the truck and saw a small baggie with an Apple logo, which in his experience suggested narcotics activity.

1

Upon further investigation, the deputies found at least 30 to 40 such baggies in the truck. Although none of the baggies had contraband in them, they also found a container on the driver's side floorboard containing 1.4 grams of methamphetamine (gross field weight) and more baggies. A black bag behind the driver's seat contained smoking devices and a digital gram scale with white residue on it. According to Deputy Nelson, a trained narcotics investigator, the white residue appeared to be methamphetamine.

After receiving *Miranda*[1] advisements, defendant told Deputy Nelson that the methamphetamine in the truck was what was left of 14 grams defendant had purchased for $450. Defendant had been partying and selling and fronting methamphetamine; he had sold to five people and fronted to six.

In Deputy Nelson's experience, the amount of methamphetamine defendant possessed when arrested was typical for a street-level dealer who both uses and sells the drug, and the price defendant said he paid for the original 14 grams was in line with current methamphetamine prices.

A jury convicted defendant of possession for sale of methamphetamine. (Health & Saf. Code, § 11378.) In a bifurcated proceeding, the trial court found true an allegation that defendant had a prior felony conviction. (Pen. Code, § 667.5, subd. (b)).[2] Defendant subsequently pleaded guilty to a misdemeanor offense of failing to register after moving from a residence. (§ 290.011.)

The trial court sentenced defendant to three years in prison (the midterm of two years for possession plus one year for the prior felony enhancement, with time served for the misdemeanor offense), awarded defendant 57 days of presentence custody credit (29 actual days and 28 conduct days), and ordered defendant to pay a $900 restitution

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

[2] Undesignated statutory references are to the Penal Code.

fine (§ 1202.4, subd. (b)), a $900 parole revocation fine (§ 1202.45), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The trial court also required defendant to register as a narcotics offender (Health & Saf. Code, § 11590) and to provide biological samples as required by section 296.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____/S/_____

Mauro, J.

We concur:


_____/S/_____

Robie, Acting P. J.


_____/S/_____

Murray, J.